**HARIRI LAW GROUP**
Ramin R. Hariri (SBN: 251625)
12707 High Bluff Drive, Ste. 200
San Diego, CA 92130
Phone: (619) 363-2889
Fax: (619) 810-0791
Email: ramin@haririlaw.com

**KHASHAYAR LAW GROUP**
Daryoosh Khashayar, Esq. (SBN 236496)
12636 High Bluff Dr., Ste. 400
San Diego, California 92130
Phone: (858) 509-1550 / Fax: (858) 509-1551
Email: daryoosh@mysdlawyers.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PLAINTIFF, QIHAI CHEN on behalf of himself and a class of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ALLIED WASTE SYSTEMS, INC.; REPUBLIC SERVICES, INC.; DOES 1-50, inclusive<br><br>Defendants. | CASE NO. **'22CV0099 JO WVG**<br><br>PLAINTIFF'S CLASS ACTION COMPLAINT FOR:<br><br>1. BREACH OF CONTRACT<br>2. VIOLATION OF THE UNFAIR COMPETITION LAW, CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17200, ET SEQ.<br>3. UNJUST ENRICHMENT<br>4. CONVERSION<br><br><u>DEMAND FOR JURY TRIAL</u> |

## INTRODUCTION

Plaintiff QIHAI CHEN (hereinafter, "Plaintiff") brings this action on behalf of himself and all others similarly situated against Defendants ALLIED WASTE SYSTEMS, INC. (hereinafter, "ALLIED") and REPUBLIC SERVICES, INC. ("REPUBLIC"). Plaintiff makes the following allegations pursuant to the investigation of his counsel and based upon information and belief, except as to the allegations specifically pertaining to himself, which are based on personal knowledge.

## FACTS COMMON TO ALL CAUSES OF ACTION

1. Defendant ALLIED provides waste and recycling services in various areas throughout San Diego County through a subsidiary, Defendant REPUBLIC. Defendants have contracted with, among other entities or municipalities in the County, the City of San Diego and the City of Chula Vista.

2. Defendants ALLIED and REPUBLIC are contractually obligated to provide waste and recycling services for the City of San Diego and the City of Chula Vista, specifically, the weekly removal of waste and recycling.

3. As is typical with residential and commercial waste and recycling services, Plaintiff has no choice of which company will perform said services. If Plaintiff wishes to have weekly services at his home for waste and recycling removal, he must use the services of Defendants ALLIED and REPUBLIC.

4. Upon moving into residence in the Carmel Mountain Ranch area of San Diego, Plaintiff entered into an agreement with Defendants ALLIED and REPUBLIC for weekly waste and recycling removal. Plaintiff agreed to pay a recurring fee to Defendants for the removal of waste and recycling from Plaintiff's residential dwelling.

5. On or about December 17, 2021, employees of Defendants ALLIED and REPUBLIC announced that they would be going on strike. On or about this time, as part of the strike, unionized employees stopped reporting to work.

6. Once the strike commenced, Defendants ALLIED and REPUBLIC were unable or unwilling to continue to perform waste and recycling removal services for Plaintiff and others similarly-situated. Plaintiff's weekly waste and recycling removal that was scheduled for December 20, 2021, the first date after the labor strike began, did not occur.

7. After nearly two weeks of the strike and the cessation of services, the City of San Diego sent correspondence to Defendants ALLIED and REPUBLIC inquiring about when services would resume. The correspondence noted that, as per the agreement between the City of San Diego and Defendants ALLIED and REPUBLIC, "Labor unrest, as defined in the Agreement, is not an excuse for non-performance" and that the City expected Defendants to adhere to the terms of the agreement between the parties, namely, continued weekly service from Defendants.

8. The labor dispute between Defendants ALLIED and REPUBLIC and their employees continued through the 2021 holidays, and the employees remained on strike. Defendants did not perform the schedule waste and recycling removal at Plaintiff's residential dwelling on December 28, 2021, January 4, 2022, or January 11, 2022, yet continued to bill Plaintiff and others similarly situated for the service.

9. The cessation of services during the holiday season was particularly gregarious due to the higher-than-normal amount of waste and recyclables. Waste continued to pile up over the weeks with no end in sight. Many customers did not know what to do with their waste and recycling that continued to pile up. Small apartments, condos, homes, businesses had no other choice but to lay their garbage against the sides and front walls of their homes and businesses, or next to dumpsters all which has been documented in local news reports and social media. Waste included biodegradable components of food and other materials, which attracted rats and cockroaches. The buildup of waste also caused horrible smells to develop which affected the quiet and enjoyment of communities. Many

communities via their homeowners associations decided to retain the services of third parties to collect the trash build up and minimize the hazards of the developing trash pile up.

10. Despite the lack of services in December 2021-January 2022, Plaintiff was billed at the regular rate for the time that Defendant ALLIED failed to pick up trash.

11. The fees charged to Plaintiff during December 2021 and January 2022 were not prorated in any way by Defendants ALLIED and REPUBLIC, despite the fact that no services were provided for weeks.

12. As of the time of this filing, Plaintiff has not been refunded or credited any amount by Defendants ALLIED and REPUBLIC, despite the fact that no services were provided for weeks.

## **PARTIES**

13. Defendant ALLIED is now, and at all times mentioned in this Complaint, a corporation domiciled in the State of Delaware, with its principal place of business located at 18500 North Allied Way, Phoenix AZ 85054.

14. Defendant REPUBLIC is now, and at all times mentioned in this Complaint, a corporation domiciled in the State of Delaware, with its principal place of business located at 18500 North Allied Way, Phoenix AZ 85054.

15. Plaintiff is currently unaware of the true names and capacities of the other defendants sued in this action and therefore have named them by the fictitious names DOES 1 through 50, inclusive. Plaintiff will amend this complaint to allege the true names and capacities of such fictitiously named defendants when they are ascertained.

16. Plaintiff is informed and believe and, on that basis, alleges that each defendant sued in this action, including each defendant sued by the fictitious names DOES 1 through 50, inclusive, is responsible in some manner for the occurrences, controversies and damages alleged below. (Defendants ALLIED, REPUBLIC, and

DOES 1 through 50, inclusive, are hereinafter collectively referred to as "Defendants".)

## JURISDICTION AND VENUE

17. This Court has diversity jurisdiction under 28 U.S.C. § 1332 because Plaintiffs are residents and citizens of the State of California and the County of San Diego, and Defendants ALLIED and REPUBLIC are both corporations organized and existing under the laws of the State of Delaware, and the amount in controversy exceeds $75,000.

18. This Court has personal jurisdiction over Defendants ALLIED and REPUBLIC because they conduct substantial business within California such that Defendants have significant, continuous, and pervasive contacts with the State of California. Defendants have sufficient minimum contacts with this state, and otherwise purposely avail themselves of the markets in this state through the promotion, sale, and marketing of their services in this state, to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

19. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the challenged fee practices have been committed in this District and because Plaintiff resides and suffered the alleged harm in this District.

## CLASS REPRESENTATION ALLEGATIONS

20. Plaintiff brings this action as a class action under Federal Rule of Civil Procedure 23 on behalf of a Class consisting of all persons in the County of San Diego who were charged fees for services during the period in which Defendants ALLIED and REPUBLIC provided no services to Plaintiff or other residential customers in the County between December 2021 and January 2022.

21. Plaintiff reserves the right to amend or modify the Class definition with greater specificity or further division into subclasses or limitation to particular issues as discovery and the orders of this Court warrant.

22. Excluded from the Class are the Defendants, the officers and directors of the Defendants at all relevant times, members of its immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants has or had a controlling interest.

23. Plaintiff is a member of the Class he seeks to represent.

24. **Ascertainability**: the members of the Class are readily ascertainable from Defendants' records and/or Defendants' agents' records of retail and online sales, billing information, account information as well as through public notice.

25. **Numerosity**: Defendants have thousands of customers that have paid or were charged fees for services that were never provided. Accordingly, members of the Class are so numerous that their individual joinder herein is impracticable. The precise number of Class members and their identities are unknown to Plaintiff at this time but may be determined through discovery. Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendants.

26. **Existence and Predominance of Common Questions of Law and Fact**: common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members. Common legal and factual questions include, but are not limited to, whether Defendants have breached its contract with its customers and whether their actions are fraudulent and unlawful.

27. **Typicality**: the claims of the named Plaintiff are typical of the claims of the Class in that the named Plaintiff was charged fees despite no services being provided by Defendants, and suffered losses as a result. Defendants have no defenses unique to the Plaintiff.

28. **Adequacy of Representation**: Plaintiff is an adequate representative of the Class because Plaintiff's interests do not conflict with the interests of the Class members Plaintiff seek to represent, Plaintiff has retained competent counsel

experienced in prosecuting class actions, and Plaintiff intends to prosecute this action vigorously. The interests of Class members will be fairly and adequately protected by Plaintiff and his counsel.

29. **Superiority**: the class mechanism is superior to other available means for the fair and efficient adjudication of the claims of the Class members. Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendants' liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendants' liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## FIRST CAUSE OF ACTION

**Breach of Contract**

**(By Plaintiff Against All Defendants)**

30. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

31. Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendants.

32. Defendants entered into agreements with Plaintiff and the Class to provide waste and recycling removal services in exchange for the payment of fees.

33. Defendants intentionally charged Plaintiff's and the Class members' debit and credit cards in the full amount of recurring fees despite the interruption of services that occurred between December 2021 and January 2022. Plaintiff and

the Class did not consent to Defendants' charging of their debit and credit cards for services that Defendants did not perform.

34. Defendants breached the agreements with Plaintiff and the Class by accepting payment for services that were not provided, and that Defendants knew they could not perform due to a labor strike and continued to charge for services not being provided for months.

35. Defendants were not excused from performing their obligations under the agreement with Plaintiff and the Class.

36. Plaintiff and the Class have suffered damages as a direct and proximate result of Defendants breach of its agreement with Plaintiff to provide services. Plaintiff and the class have suffered damages through the payment of fees. In addition to any consequential damages suffered, Plaintiffs are entitled to full reimbursement of fees for the period in question when no services were provided by Defendants.

## SECOND CAUSE OF ACTION

**Violation of California's Unfair Competition Law**

**California Business & Professions Code §§ 17200, et seq.**

**(By Plaintiff Against All Defendants)**

37. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

38. Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendants.

39. Defendants are subject to California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, et seq. The UCL provides, in pertinent part: "Unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising …."

40. Defendants' failure to resolve its labor issues in order to avoid an

interruption in services, or provided an alternative service provider, coupled with its failure to stop charging its customers during a period when no services were provided constitutes an unfair business practice.

41.  Defendants accepted payment and continued to bill Plaintiff and the Class for services it knew it could not provide or decided simply not to provide.

42.  Defendants' business practices, described herein, violated the "unlawful" prong of the UCL by violating the CLRA, the FAL, and California's Health Studio Services Contract Law and other applicable law as described herein.

43.  Defendants' business practices, described herein, violated the "unfair" prong of the UCL in that their conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous, as the gravity of the conduct outweighs any alleged benefits.

44.  Defendants violated the fraudulent prong of the UCL by misleading Plaintiff and the Class to believe that they would only be charged fees when they received waste and recycling removal services from Defendants.

45.  Plaintiff and the Class acted reasonably when they entered into agreements with Defendants based on the belief that they would only be charged fees when Defendants were providing services.

46.  Plaintiff and the Class lost money or property as a result of Defendants' UCL violations because (a) they would not have paid for Defendants' services absent Defendants' representations and omission of a warning that it would continue charging customers' credit cards, debit cards and bank accounts while services were indefinitely interrupted; (b) they would not have paid for Defendants' services on the same terms absent Defendants' representations and omissions; (c) they paid a price premium for Defendants' services based on Defendants' misrepresentations and omissions; and (d) Defendants' services did not have the characteristics, benefits, or quantities as promised.

## THIRD CAUSE OF ACTION

### Unjust Enrichment

### (By Plaintiff Against All Defendants)

47. Plaintiff hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

48. Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendants.

49. Plaintiff and members of the Class conferred benefits on Defendants by paying, and being charged, fees while no waste and recycling removal services were provided by Defendants for weeks.

50. Defendants have knowledge of such benefits.

51. Defendants have been unjustly enriched in retaining the revenues derived from fees paid by Plaintiff and the Class. Retention of those moneys under these circumstances is unjust and inequitable because Defendants charged for services it did not provide. These misrepresentations and charges caused injuries to Plaintiff the Class because they would not have paid Defendants' fees had the true facts been known. At the minimum Defendants could have used the funds received to hire others to remove the trash while the strike was active.

52. Because Defendants' retention of the non-gratuitous benefits conferred on it by Plaintiff and the Class is unjust and inequitable, Defendants must pay restitution to Plaintiff and the Class for their unjust enrichment, as ordered by the Court.

## FOURTH CAUSE OF ACTION

### Conversion

### (By Plaintiff Against All Defendants)

53. Plaintiff hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

54. Plaintiff brings this claim individually and on behalf of the members

of the proposed Class against Defendants.

55. Plaintiff and other members of the Class were in possession of monies for fees, which they bargained for and paid to Defendants for certain services for which Defendants failed to provide.

56. Without Plaintiff's or the Class's consent, Defendants intentionally interfered with the property of Plaintiff and the Class when it retained the monies for fees despite discontinuing services for which Plaintiff and the Class bargained for and paid.

57. Defendants' unjust retention and refusal to return the monies for fees without providing the services covered by the fees was a substantial factor in causing Plaintiffs and the Class harm and loss of the monies and benefits of their agreement with Defendants.

58. Plaintiff and the Class are entitled to the return of the prorated amounts of the monies paid to Defendants during the relevant time period.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendants, as follows:

For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Class and Plaintiff's attorneys as Class Counsel to represent the Class members;

For an order declaring that Defendants' conduct violates the statutes and laws referenced herein;

For an order finding in favor of Plaintiff, and the Class, on all counts asserted herein;

For compensatory damages in amounts to be determined by the Court and/or jury;

For prejudgment interest on all amounts awarded;

For an order of restitution and all other forms of equitable monetary relief;

For such other and further relief as the Court may deems just and equitable; and

For an order awarding Plaintiff and the Class their reasonable attorneys' fees and expenses and costs of suit.

Respectfully submitted,

Dated: January 25, 2022

HARIRI LAW GROUP
KHASHAYAR LAW GROUP


By:   /s/ Daryoosh Khashayar
Ramin R. Hariri
Daryoosh Khashayar
Attorney for Plaintiffs