**HARIRI LAW GROUP**
Ramin R. Hariri (SBN: 251625)
402 West Broadway, Floor 21
San Diego, CA 92101
Phone: (619) 363-2889
Fax: (619) 810-0791
Email: ramin@haririlaw.com

**KHASHAYAR LAW GROUP**
Daryoosh Khashayar, Esq. (SBN 236496)
12636 High Bluff Dr., Ste. 400
San Diego, California 92130
Phone: (858) 509-1550 / Fax: (858) 509-1551
Email: daryoosh@mysdlawyers.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QIHAI CHEN; DUALTONE AUTOMOTIVE, INC., on behalf of themselves and a class of all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>ALLIED WASTE SYSTEMS, INC.; REPUBLIC SERVICES, INC.; DOES 1-50, inclusive<br><br>　　　　　Defendants. | CASE NO. 3:22-cv-00099-JO-WVG<br><br>PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT FOR:<br><br>1. BREACH OF CONTRACT<br>2. VIOLATION OF THE UNFAIR COMPETITION LAW, CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17200, ET SEQ.<br>3. CONVERSION<br>4. VIOLATION OF THE CONSUMER REMEDIES LEGAL ACT, CALIFORNIA CIVIL CODE §§ 1750, ET SEQ.<br><br>DEMAND FOR JURY TRIAL |

# INTRODUCTION

Plaintiff QIHAI CHEN (hereinafter, "CHEN") and DUALTONE AUTOMOTIVE, INC. ("DUALTONE") bring this action on behalf of themselves and all others similarly situated against Defendants ALLIED WASTE SYSTEMS, INC. (hereinafter, "ALLIED") and REPUBLIC SERVICES, INC. ("REPUBLIC"). Plaintiffs make the following allegations pursuant to the investigation of their counsel and based upon information and belief, except as to the allegations specifically pertaining to themselves which are based on personal knowledge.

## FACTS COMMON TO ALL CAUSES OF ACTION

1. Defendant ALLIED provides waste and recycling services in various areas on the West Coast of the United States through a subsidiary, Defendant REPUBLIC. Defendants have contracted with, including but not limited to, direct customers such as homeowners, apartment complexes, homeowners associations, commercial businesses, and cities, counties and municipalities in California such as the City of San Diego and the City of Chula Vista, throughout California and the West Coast.

2. Defendants ALLIED and REPUBLIC are contractually obligated to provide waste and recycling services for the City of San Diego and the City of Chula Vista, specifically, the weekly removal of waste and recycling.

3. Plaintiffs also allege that Defendants ALLIED and REPUBLIC are contractually obligated to provide waste and recycling services to direct customers such as homeowners, apartment complexes, homeowners associations, commercial businesses, cities and municipalities in Orange County, King County (Washington) and other locations unknown to Plaintiffs at this time.

4. In an Earnings Conference Call that took place on October 28, 2021, Defendant REPUBLIC reported an annual revenue of $2.93 billion, with an adjusted free cash flow of $1.4 billion.

5. As is typical with residential and commercial waste and recycling services, Plaintiffs have no choice of which company will perform said services. If Plaintiffs wish to have weekly services at their home or business for waste and recycling removal, they must use the services of Defendants ALLIED and REPUBLIC.

6. Upon moving into his residence in the Carmel Mountain Ranch area of San Diego in or around 2008, Plaintiff CHEN entered into an agreement with Defendants ALLIED and REPUBLIC for weekly waste and recycling removal. Plaintiff agreed to pay a recurring fee to Defendants for the removal of waste and recycling from Plaintiff's residential dwelling.

7. Plaintiff DUALTONE entered into an agreement with Defendants ALLIED and REPUBLIC in or around 2016 for weekly waste and recycling removal. Plaintiff agreed to pay a recurring fee to Defendants for the removal of waste and recycling from Plaintiff's place of business.

8. Plaintiffs believed they were entering into an agreement with Defendant REPUBLIC.

9. Billing documentation sent to Plaintiffs indicates that it is from "Republic Services" and charges for services appear on credit card statements as "Republic Services." Trucks that service Plaintiffs are adorned and labeled with "Republic Services" decals and logos. Waste and recycling bins distributed by Defendants are marked with "Republic Services" decals and logos. Some trash bins also state "Allied."

10. On or about December 17, 2021, employees of Defendants ALLIED and REPUBLIC announced that they would be going on strike. On or about this time, as part of the strike, unionized employees stopped reporting to work.

11. Once the strike commenced, Defendants ALLIED and REPUBLIC were unable or unwilling to continue to perform waste and recycling removal services for Plaintiffs and others similarly-situated.

12. Numerous media outlets reported on the strike and its effects on customers throughout the West Coast. Defendant REPUBLIC acknowledged the strike and the interruption in services with statements to the media and on their own website. Defendant REPUBLIC noted a "disruption in their collection service" for its customers in Chula Vista, CA[1] and Lake Forest Park, WA[2].

13. The labor dispute between Defendants ALLIED and REPUBLIC and their employees continued through the 2021 holidays, and the employees remained on strike. Defendants did not perform the scheduled waste and recycling removal at Plaintiff Chen's residential dwelling on December 28, 2021, January 4, 2022, or January 11, 2022, yet continued to bill Plaintiff Chen and others similarly situated for the service.

14. Defendants did not perform the scheduled waste and recycling removal at Plaintiff DUALTONE's business during a similar time period. Plaintiff had trash build up in front of the property, something that was not good for business as customers would see the piles of trash piling up. The trash pile was unsanitary, ugly, and had awful smells and affected the image of Plaintiff's business. Many businesses and customers who owned homes, apartment complexes, condominium associations, hotels, etc. experienced similar issues and were documented all over social media and news platforms throughout California and Washington, all of which is available online to view.

15. The cessation of services during the holiday season was particularly egregious due to the higher-than-normal amount of waste and recyclables. Waste continued to pile up over the weeks with no end in sight. Many customers did not know what to do with their waste and recycling that continued to pile up. Small apartments, condos, homes, businesses had no other choice but to lay their garbage against the sides and front walls of their homes and businesses, or next to

---

[1] https://www.republicservices.com/municipality/chula-vista-ca (last visited March 21, 2022)
[2] https://www.republicservices.com/municipality/lake-forest-park-wa (last visited March 21, 2022)

dumpsters all which has been documented in local news reports and social media. Waste included biodegradable components of food and other materials, which attracted rats and cockroaches. The buildup of waste also caused horrible smells to develop which affected the quiet and enjoyment of communities. Many communities via their homeowners associations decided to retain the services of third parties to collect the trash build up and dispose of it in an effort to minimize the hazards of the developing unsanitary trash pile up.

16. Various customers of Defendants ALLIED and REPUBLIC were forced to find ways to remove waste and recycling from their properties during the time that Defendants ceased providing services, either by hiring third party entities, or by removing the waste themselves to local dumps. Such customers incurred out of pocket expenses as a result, including gas fees, contractor fees and lost time spent attempting to cure the garbage and recycling pile up disaster.

17. Despite the lack of services in December 2021-January 2022, Plaintiffs were billed at the regular rate for the time that Defendants ALLIED and REPUBLIC failed to pick up waste and recycling.

18. The fees charged to Plaintiffs during December 2021 and January 2022 were not prorated in any way by Defendants ALLIED and REPUBLIC, despite the fact that no services were provided for weeks.

19. As of the time of this filing, Plaintiffs and many other similarly situated customers have not been refunded or credited the full amount paid, or out of pocket expenses paid to remove the trash by third parties, during the period of time when Defendants ALLIED and REPUBLIC did not provide waste and recycling removal services.

## PARTIES

20. Plaintiff CHEN is a natural person residing in San Diego County, in the State of California.

21. Plaintiff DUALTONE is now, and all times mentioned in this

Complaint, a corporation domiciled in the State of California, with its principal place of business located at 4745 Mission Bay Dr., San Diego, CA 92109.

22. Defendant ALLIED is now, and at all times mentioned in this Complaint, a corporation domiciled in the State of Delaware, with its principal place of business located at 18500 North Allied Way, Phoenix AZ 85054.

23. Defendant REPUBLIC is now, and at all times mentioned in this Complaint, a corporation domiciled in the State of Delaware, with its principal place of business located at 18500 North Allied Way, Phoenix AZ 85054.

24. Plaintiffs are currently unaware of the true names and capacities of the other defendants sued in this action and therefore have named them by the fictitious names DOES 1 through 50, inclusive. Plaintiffs will amend this complaint to allege the true names and capacities of such fictitiously named defendants when they are ascertained.

25. Plaintiffs are informed and believe and, on that basis, alleges that each defendant sued in this action, including each defendant sued by the fictitious names DOES 1 through 50, inclusive, is responsible in some manner for the occurrences, controversies and damages alleged below. (Defendants ALLIED, REPUBLIC, and DOES 1 through 50, inclusive, are hereinafter collectively referred to as "Defendants".)

## JURISDICTION AND VENUE

26. This Court has diversity jurisdiction under 28 U.S.C. § 1332 because Plaintiffs are residents, citizens, and business entities in the State of California, and Defendants ALLIED and REPUBLIC are both corporations organized and existing under the laws of the State of Delaware, and the amount in controversy exceeds $75,000.

27. This Court has personal jurisdiction over Defendants ALLIED and REPUBLIC because they conduct substantial business within California such that Defendants have significant, continuous, and pervasive contacts with the State of

California. Defendants have sufficient minimum contacts with this state, and otherwise purposely avail themselves of the markets in this state through the promotion, sale, and marketing of their services in this state, to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

28. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the challenged fee practices have been committed in this District and because Plaintiff resides and suffered the alleged harm in this District.

## CLASS REPRESENTATION ALLEGATIONS

29. Plaintiffs bring this action as a class action under Federal Rule of Civil Procedure 23 on behalf of a Class consisting of all persons who were charged fees for services during the period in which Defendants ALLIED and REPUBLIC provided no services to Plaintiffs or other commercial or residential customers on or about December 2021 and January 2022 and who were not provided a full refund or credit for this period, who paid out of pocket expenses for trash removal, and for other such similar damages.

30. Plaintiffs reserve the right to amend or modify the Class definition with greater specificity or further division into subclasses or limitation to particular issues as discovery and the orders of this Court warrant.

31. Excluded from the Class are the Defendants, the officers and directors of the Defendants at all relevant times, members of its immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants has or had a controlling interest.

32. Plaintiffs are members of the Class they seek to represent.

33. **Ascertainability**: the members of the Class are readily ascertainable from Defendants' records and/or Defendants' agents' records of retail and online sales, billing information, account information as well as through public notice.

34. **Numerosity**: Defendants have thousands of customers that have paid

or were charged fees for services that were never provided. Accordingly, members of the Class are so numerous that their individual joinder herein is impracticable. The precise number of Class members and their identities are unknown to Plaintiffs at this time but may be determined through discovery. Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendants.

35. **Existence and Predominance of Common Questions of Law and Fact**: common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members. Common legal and factual questions include, but are not limited to, whether Defendants have breached its contract with its customers and whether their actions are fraudulent and unlawful.

36. **Typicality**: the claims of the named Plaintiffs are typical of the claims of the Class in that the named Plaintiffs were charged fees despite no services being provided by Defendants, were not refunded or credited, and suffered losses as a result. Defendants have no defenses unique to the Plaintiffs.

37. **Adequacy of Representation**: Plaintiffs are adequate representatives of the Class because Plaintiffs' interests do not conflict with the interests of the Class members Plaintiffs seek to represent, Plaintiffs have retained competent counsel experienced in prosecuting class actions, and Plaintiffs intend to prosecute this action vigorously. The interests of Class members will be fairly and adequately protected by Plaintiffs and their counsel.

38. **Superiority**: the class mechanism is superior to other available means for the fair and efficient adjudication of the claims of the Class members. Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendants' liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system

presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendants' liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## FIRST CAUSE OF ACTION

### Breach of Contract

### (By Plaintiffs Against All Defendants)

39. Plaintiffs hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

40. Plaintiffs brings this claim individually and on behalf of the members of the proposed Class against Defendants.

41. Defendants entered into agreements with Plaintiffs and the Class to provide waste and recycling removal services in exchange for the payment of fees.

42. Defendants intentionally charged Plaintiffs' and the Class, including charges on debit and credit cards, the full amount of recurring fees despite the interruption of services that occurred between December 2021 and January 2022. Plaintiffs and the Class did not consent to Defendants' charging of their debit and credit cards for services that Defendants did not perform.

43. Defendants breached the agreements with Plaintiffs and the Class by accepting payment for services that were not provided, and that Defendants knew they could not perform due to a labor strike and continued to charge for services not being provided for months.

44. Defendants were not excused from performing their obligations under the agreement with Plaintiffs and the Class.

45. Plaintiffs and the Class have suffered damages as a direct and

proximate result of Defendants breach of its agreement with Plaintiffs to provide services. Plaintiffs and the class have suffered damages through the payment of fees. In addition to any consequential damages suffered, Plaintiffs are entitled to full reimbursement of fees for the period in question when no services were provided by Defendants.

## SECOND CAUSE OF ACTION

### Violation of California's Unfair Competition Law

### California Business & Professions Code §§ 17200, et seq.

### (By Plaintiffs Against All Defendants)

46. Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

47. Plaintiffs bring this claim individually and on behalf of the members of the proposed Class against Defendants.

48. Defendants are subject to California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, et seq. The UCL provides, in pertinent part: "Unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising …."

49. Defendants' failure to resolve its labor issues in order to avoid an interruption in services, or provided an alternative service provider, coupled with its failure to stop charging its customers during a period when no services were provided constitutes an unfair business practice.

50. Defendants charged Plaintiffs' credit cards, debit cards, bank accounts, etc. for services that were clearly not provided, a clear violation of public policy.

51. A reasonable consumer would be clearly deceived into believing that they would not be charged if Defendants were unable to provide services, regardless of whether the consumer was charged in advance.

52. Defendants accepted payment and continued to bill Plaintiffs and the Class for services it knew it could not provide or decided simply not to provide.

53. For members of the Class who were billed in advance for waste and recycling removal services to be provided, Defendants retained such monies paid despite a failure to provide services, and Defendants failed to refund monies paid in advance for services that were never provided.

54. Defendants continue to seek full payment for the months of December 2021 and January 2022 from customers, and Defendants have threatened customers who have not paid the full, non-prorated amounts with late fees, despite the interruption in Defendants' waste and recycling removal services.

55. Defendants' business practices, described herein, violated the "unlawful" prong of the UCL by violating, among other portions of the law, Civ. Code § 1770(a)(9) and other applicable law as described herein.

56. Defendants' business practices, described herein, violated the "unfair" prong of the UCL in that their conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous, as the gravity of the conduct outweighs any alleged benefits.

57. Defendants' conduct described herein threatens an incipient violation of California's consumer protection laws, violates the policy or spirit of such laws, and/or otherwise significantly threatens or harms competition by avoiding procedures intended by the Legislature to protect California's consumers.

58. Defendants violated the fraudulent prong of the UCL by misleading Plaintiffs and the Class to believe that they would only be charged fees in exchange for waste and recycling removal services from Defendants.

59. Plaintiffs and the Class acted reasonably when they entered into agreements with Defendants based on the belief that they would only be charged fees when Defendants were providing services. Plaintiffs relied on Defendants to provide the services promised and not bill them when no service was provided.

60. Defendants' acts and practices willfully and knowingly deprive consumers, including Plaintiffs and the Class, of monies to which Defendants are not entitled and are contrary to an important public policy. Defendants took advantage of their customers and kept all monies and have not provided full refunds or credits, or reimbursement for expenses paid to remove the trash by third parties. Defendants failed to act in good faith and continue to this day by witling down claims for reimbursement and credit, or simply giving customers seeking full refunds the runaround with repeated scripted messages hoping that customers will give up. Defendants know they are a in position of power and that customers require weekly trash pickup for their homes, families, businesses, apartment complexes, and condominiums rely on them for the service, making Defendants conduct that more shocking, immoral, oppressive, and harsh.

61. Plaintiffs and the Class lost money or property as a result of Defendants' UCL violations because (a) they would not have paid for Defendants' services absent Defendants' representations and omission of a warning that it would continue charging customers' credit cards, debit cards and bank accounts while services were indefinitely interrupted and not provided; (b) they would not have paid for Defendants' services on the same terms absent Defendants' representations and omissions; (c) they paid a price premium for Defendants' services based on Defendants' misrepresentations and omissions; and (d) Defendants' services did not have the characteristics, benefits, or quantities as promised.

### THIRD CAUSE OF ACTION

#### Conversion

#### (By Plaintiffs Against All Defendants)

62. Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

63. Plaintiffs bring this claim individually and on behalf of the members

-12-

of the proposed Class against Defendants.

64. Plaintiffs and other members of the Class were in possession of monies for fees, which they bargained for and paid to Defendants for certain services for which Defendants failed to provide.

65. Without Plaintiffs' or the Class's consent, Defendants intentionally interfered with the property of Plaintiffs and the Class when it retained the monies for fees despite discontinuing services for which Plaintiffs and the Class bargained for and paid.

66. Defendants' unjust retention and refusal to return the monies for fees without providing the services covered by the fees was a substantial factor in causing Plaintiffs and the Class harm and loss of the monies and benefits of their agreement with Defendants.

67. Plaintiffs and the Class are entitled to the return of the prorated amounts of the monies paid to Defendants during the relevant time period.

## FOURTH CAUSE OF ACTION

**Violation of the Consumer Remedies Legal Act**

**California Civil Code §§ 1750, et seq.**

**(By Plaintiffs Against All Defendants)**

68. Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

69. California Civil Code Section 1750, et seq., entitled the Consumers Legal Remedies Act ("CLRA"), provides a list of "unfair or deceptive" practices in a "transaction" relating to the sale of "goods" or "services" to a "consumer."

70. The Legislature's intent in promulgating the CLRA is expressed in Civil Code Section 1760, which provides, inter alia, that its terms are to be "[c]onstrued liberally and applied to promote its underlying purposes, which are to protect consumers against unfair and deceptive business practices and to provide efficient and economical procedures to secure such protection."

71. Defendants' actions, representations, and conduct have violated, and continue to violate, the CLRA because they extend to transactions that are intended to result, or which have resulted, in the sale of services and/or goods to consumers.

72. Plaintiffs and other class members are "consumers" as that term is defined by the CLRA. Civ. Code § 1761(d).

73. The services that Plaintiffs and Class Members purchased from Defendants are a "good" and/or "service" within the meaning of the CLRA. Cal. Civ. Code § 1761(a), (b)

74. The acts and practices described herein were intended to result in the sale of services to consumers. Such acts and practices violated, and continue to violate, the CLRA as follows:

    a. Misrepresenting the affiliation, connection, or association with, or certification by, another. Civ. Code § 1770(a)(3);

    b. Representing that services have sponsorship, approval, characteristics, uses, benefits, or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation, or connection that the person does not have.  Civ. Code § 1770(a)(5);

    c. Advertising services with intent not to sell them as advertised; Civ. Code § 1770(a)(9);

    d. Representing that a transaction confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law.  Civ. Code § 1770(a)(14);

    e. Representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not.  Civ. Code § 1770(a)(16);

75. Defendants acted knowingly and willfully.

76. Defendants violated Civil Code Section 1770(a)(3), (5), (9), (14) & (16) by marketing and representing that they would provide regular recurring

services to customers in exchange for regular and recurring payments. Despite such assurances, on information and belief, Defendants deny refunds to customers, including Plaintiffs, for services that were never provided despite customers being billed for such services.

77. On information and belief, Defendants' violations of the CLRA, as set forth herein, were done with awareness of the fact that the conduct alleged was wrongful and motivated solely by Defendants' self-interest, monetary gain, and increased profit. Plaintiffs further allege that Defendants engaged in such unfair and deceptive conduct despite knowing the harm that would result to Plaintiffs and Class Members.

78. Plaintiffs suffered an "injury in fact" when Defendants retained Plaintiffs' money, despite not providing services, in violation of California law as explained above.

79. As a direct and proximate result of Defendants' conduct, Plaintiffs and members of the Class are entitled to a declaration that Defendants violated the CLRA.

80. On or about January 27, 2022, by and through Plaintiffs' counsel of record, Defendants were served with notice of the alleged CLRA violations via certified U.S. Mail, which asked Defendants to correct, repair, replace, or otherwise rectify the goods and services alleged to be in violation. This correspondence advised Defendants that such action must be taken within thirty (30) calendar days.  Plaintiffs' counsel received receipts noting that the notice was received at three separate addresses controlled and/or occupied by Defendants.

81. Plaintiffs and the Class are also entitled to, and seek, injunctive relief prohibiting such conduct in the future.

82. Plaintiffs also requests an award of reasonable attorneys' fees and costs pursuant to Civ. Code § 1780(d).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, seeks judgment against Defendants, as follows:

For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Class and Plaintiffs' attorneys as Class Counsel to represent the Class members;

For an order declaring that Defendants' conduct violates the statutes and laws referenced herein;

For an order finding in favor of Plaintiffs, and the Class, on all counts asserted herein;

For compensatory damages in amounts to be determined by the Court and/or jury;

Entry of an order enjoining Defendants from continuing the unlawful, fraudulent, and unfair business practices alleged in this Complaint and directing Defendants to inform consumers of their rights under Bus. & Prof. Code § 22507;

For prejudgment interest on all amounts awarded;

For an order of restitution and all other forms of equitable monetary relief;

For such other and further relief as the Court may deems just and equitable; and

For an order awarding Plaintiffs and the Class their reasonable attorneys' fees and expenses and costs of suit.

Respectfully submitted,

Dated: March 22, 2022
HARIRI LAW GROUP
KHASHAYAR LAW GROUP

By: ___/s/ Daryoosh Khashayar___
Ramin R. Hariri
Daryoosh Khashayar
Attorney for Plaintiffs

*Chen v. Allied Waste Systems, INC., et al.*
***Case No. 3:22-cv-99999***

**HARIRI LAW GROUP**
Ramin R. Hariri (SBN: 251625)
12707 High Bluff Drive, Ste. 200
San Diego, CA 92130
Phone: (619) 363-2889
Fax: (619) 810-0791
Email: ramin@haririlaw.com

**KHASHAYAR LAW GROUP**
Daryoosh Khashayar, Esq. (SBN 236496)
12636 High Bluff Dr., Ste. 400
San Diego, California 92130
Phone: (858) 509-1550 / Fax: (858) 509-1551
Email: daryoosh@mysdlawyers.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

I am employed in the County of San Diego, State of California. I am over the age of 18 and not a party to the within action; my business address is 12636 High Bluff Drive, Suite 400, San Diego, California 92130.

I have caused the foregoing document(s) described as:

**1. PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT**

to be served on all interested parties in this action by:

| | |
|---|---|
| BRYAN CAVE LEIGHTON PAISNER LLP<br>Robert E. Boone III, California Bar No. 132780<br>reboone@bclplaw.com<br>Simren K. Gill, California Bar No. 318288<br>simren.gill@bclplaw.com 120 Broadway, Suite 300 Santa Monica, California 90401-2386<br>Telephone: +1 310 576 2100<br>Facsimile: +1 310 576 2200 | LAW OFFICES OF THOMAS M. BRUEN, P.C.<br>Thomas M. Bruen, California Bar No. 63324<br>tbruen@tbsglaw.com<br>1990 North California Boulevard, Suite 20<br>Walnut Creek, California 94596<br>Telephone: +1 925 708-4149 |

**(XX)   BY ELECTRONIC SUBMISSION.** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused this document to be sent to the persons listed for service as indicated via e-mail. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**(XX)   BY MAIL.** I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at San Diego, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal

**PROOF OF SERVICE**

*Chen v. Allied Waste Systems, INC., et al.*
**Case No. 3:22-cv-99999**

cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**( )   FAX.** I caused a copy of the above-described documents to be delivered by facsimile transmission to the addressee.

**( )   BY PERSONAL DELIVERY.** I caused said document to be hand delivered to the addressee.

**( )   BY EXPRESS MAIL.** I caused the above-described documents to be deposited in a box or other facility regularly maintained by the express service carrier providing for overnight delivery.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **March 22, 2022**, at San Diego, California.

*Christian Solis*
Christian Solis

**PROOF OF SERVICE**