UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QIHAI CHEN and DUALTONE AUTOMOTIVE, INC., on behalf of themselves and all others similarly situated,<br><br>                                            Plaintiffs,<br><br>v.<br><br>ALLIED WASTE SYSTEMS, INC., et al.,<br><br>                                           Defendants. | Case No.: 3:22-cv-00099-JO-AHG<br><br>**ORDER:**<br><br>**(1) GRANTING IN PART JOINT MOTION TO EXTEND EXPERT DISCOVERY DEADLINES AND PRETRIAL MOTION FILING DEADLINE, and**<br><br>**(2) ISSUING FIRST AMENDED SCHEDULING ORDER**<br><br>**[ECF No. 77]** |

Before the Court is the parties' joint motion to amend the scheduling order. ECF No. 77. The parties seek an order from the Court extending the expert disclosure deadline, rebuttal expert disclosure deadline, expert discovery cutoff, and pretrial motion filling deadline by approximately 45 days. *Id*.

Parties seeking to continue deadlines in the scheduling order must demonstrate good cause. FED. R. CIV. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent"); *see also* AHG.Chmb.R. at 2 (stating that any request for continuance requires "[a] showing of good cause for the request").

"Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end.") (internal citation omitted). Therefore, "a party demonstrates good cause by acting diligently to meet the original deadlines set forth by the court." *Merck v. Swift Transp. Co.*, No. CV-16-01103-PHX-ROS, 2018 WL 4492362, at *2 (D. Ariz. Sept. 19, 2018).

Here, expert disclosures are due December 4, 2023; rebuttal expert disclosures are due December 18, 2023; the expert discovery cutoff is January 22, 2024; and the pretrial motion filing deadline is February 19, 2024. ECF No. 49 at 2–3. The parties have represented to the Court that they have been working diligently to abide by the Court's Scheduling Order (ECF No. 49). ECF No. 77-1. Both sides have designated experts, including damages experts. *Id.* at 3. However, the parties' experts need more time to complete their analysis, based on whether (and to what scope) a class is certified. *Id*. The parties also seek to participate in settlement discussions ahead of expert report deadlines, to reduce litigation costs. *Id*. As such, the parties request that the Court extend certain scheduling order deadlines by approximately six to seven weeks—e.g., extend the expert disclosure deadline to January 22, 2024; the rebuttal expert disclosures deadline to February 5, 2024; the expert discovery cutoff to March 4, 2024; and the pretrial motion filing deadline to April 1, 2024. ECF No. 77 at 3–4.

/ /

The Court appreciates that the parties have been working together to complete discovery. Upon due consideration, and upon a review of the docket, the Court finds good cause to **GRANT IN PART**[1] the joint motion. ECF No. 77. The Court issues the following First Amended Scheduling Order:

1. The Mandatory Settlement Conference remains on calendar for **January 3, 2024** at **9:30 a.m.** before the Honorable Allison H. Goddard *via videoconference*. The parties must comply with all procedures, requirements, and deadlines set forth in ECF No. 67.

2. Within **three (3) days** of a ruling on the motion for class certification, the parties must jointly contact the Court via email (at efile_goddard@casd.uscourts.gov) to arrange a further case management conference. During the case management conference, the Court will set new deadlines for expert disclosures, expert discovery, pretrial motions, and the pretrial conference.

**IT IS SO ORDERED.**

Dated: November 14, 2023

_____
Honorable Allison H. Goddard
United States Magistrate Judge

---

[1] Though the parties suggest specific dates for the deadlines they seek to extend, the Court has considered the procedural posture of the case and has determined that those deadlines should be reset after the class certification motion is decided, not beforehand.