UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QIHAI CHEN and DUALTONE AUTOMOTIVE, INC., on behalf of themselves and all others similarly situated,<br><br>  Plaintiffs,<br><br>v.<br><br>ALLIED WASTE SYSTEMS, INC., and DOES 1-50,<br><br>  Defendants. | Case No.: 3:22-cv-00099-JO-AHG<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO SEAL AND DENYING PLAINTIFFS' MOTION TO SEAL** |

Defendant Allied Waste Systems, Inc. ("Defendant") requested to seal certain exhibits in support of their opposition to Plaintiffs' class certification motion. Dkt. 68. Plaintiffs Qihai Chen and Dualtone Automotive, Inc. ("Plaintiffs") also requested to seal an exhibit in support of Plaintiffs' reply in support of their motion for class certification. Dkt. 72. For the reasons set forth below, Defendant's motion to seal is GRANTED and Plaintiffs' motion to seal is DENIED.

## LEGAL STANDARD

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner*

*Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citations omitted). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo (Amodeo II)*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access. *Kamakana*, 447 F.3d at 1178 (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). If the documents to be sealed relate to a motion that "is more than tangentially related to the merits of the case []" the party must establish that "compelling reasons" justify the requested sealing. *Ctr. For Auto Safety*, 809 F.3d at 1101. When the underlying motion does not surpass the tangential relevance threshold, the "good cause" standard applies. *Id*. at 1097–99. Courts have held that motions for class certification are more than tangentially related to the merits of the case and applied the "compelling reasons" standard in considering requests to seal documents related to such motions. *See Ctr. for Auto Safety*, 809 F.3d at 1099–1102; *see also Al Otro Lado, Inc. v. McAleenan*, Case No. 17-cv-02366-BAS-KSC, 2019 WL 6220898 (S.D. Cal. Nov. 21, 2019) (finding motions for preliminary injunction and class certification to be more than tangentially related to merits of the case).

## ANALYSIS

Here, Defendant seeks to seal portions of documents that contain its customer pricing terms. Dkt. 68 at 2–4. Plaintiff, on the other hand, seeks to seal excerpts from the deposition transcript of Javara Perrilliat, a company witness for Defendant. Dkt. 72 at 2. The Court will address each request to seal in turn.

First, Defendant requests the Court seal sensitive and proprietary pricing information contained in Exhibits 3–10 of the Rojas Declaration. Dkt. 68 at 2:15–23. "The publication

of materials that could result in infringement upon trade secrets has long been considered a factor that would overcome [the] strong presumption" in favor of public access to court records. *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011). Likewise, "[d]ocuments containing commercially sensitive information," *Orthopaedic Hosp. v. Encore Med., L.P.*, No. 19-CV-970 JLS (AHG), 2021 WL 1966121, at *2 (S.D. Cal. Apr. 12, 2021) (collecting cases), or "'[s]ources of business information that might harm a litigant's competitive standing' often warrant protection under seal." *Williams v. U.S. Bank Nat'l Ass'n*, 290 F.R.D. 600, 604–05 (E.D. Cal. 2013) (quoting *Nixon*, 435 U.S. at 598); *In re Incretin-Based Therapies Prod. Liab. Litig.*, No. 13MD2452 AJB (MDD), 2021 WL 873290, at *1 (S.D. Cal. Mar. 9, 2021) ("Courts have long acknowledged that the risk of competitive harm through disclosure of confidential and proprietary information warrants maintaining documents under seal, even in light of the general presumption of public access to judicial documents.").

Here, Defendant has asserted that portions of Exhibits 3–10 contain confidential and trade secret information regarding the prices that it offers and charges customers. Dkt. 68 at 2:15–23; 3:20–26; 4:1–5. The Court finds that the competitive harm that could result from disclosing this information is a "compelling reason" to justify sealing. The Court therefore GRANTS Defendant's motion to seal.

Second, Plaintiffs seek to seal Exhibit 7 which contains excerpts from the deposition transcript of Javara Perrilliat, Defendant's company witness. Dkt. 71, Ex. 7 of Pls.' Reply in Supp. of Mot. Class Certification. Plaintiffs' only justification for their request is that "the language of the Protective Order prohibits the entirety of Exhibit 7 from being disseminated to the public". Dkt. 72 at 2. The terms of a stipulated protective order alone are insufficient to meet the "compelling reasons" standard and does not supply a legal basis to curtail the public's access to judicial records. *See also Benchmark Young Adult Sch., Inc. v. Launchworks Life Servs., LLC*, 2015 WL 2062046, at *2 (S.D. Cal. Apr. 30, 2015) ("A blanket protective order, however, is insufficient to meet the 'compelling reasons' standard."); *see also In re Ferrero Litig.*, No. 11-CV-205 H(CAB), 2011 WL 3360443, *2

(S.D. Cal. Aug. 3, 2011) (holding that a protective order itself does not satisfy the standard required of a sealing order).  Because Plaintiffs have not met their burden of establishing a compelling reason, the Court **DENIES** Plaintiffs' motion to seal.  *Kamakana*, 447 F.3d at 1178.  ("In order to overcome this strong presumption, a party seeking to seal a judicial record must articulate justifications for sealing that outweigh the public policies favoring disclosure.")

In light of the foregoing, the Court **GRANTS** Defendant's motion to seal [Dkt. 68] and **DENIES** Plaintiffs' motion to seal [Dkt. 72].  Within **fourteen days** of the electronic docketing of this Order:

1. The Clerk of Court shall publicly file Plaintiffs' Exhibit 7 which was lodged under seal in support of Plaintiffs' reply in support of Plaintiffs' motion for class certification [Dkts. 73 and 74].

**IT IS SO ORDERED**.

Dated:  November 27, 2023

Honorable Jinsook Ohta
United States District Judge